One John Spencer was brought before an *40 Examining Court for the County of Louisa, in November, 1800, charged with having feloniously broken open the dwelling house of Alexander Harvey, and stolen from thence a silver watch of the value of twenty-two dollars, and other articles. On his examination, the court were of opinion, that he ought to be tried for the offence at the next District Court of Charlottesville, and that he might give security for his appearance at the said district court. Thereupon, the said John Spencer, together with the defendant, came before the said examining court, and entered into a recognizance, conditioned for the appearance of the said John Spencer on the first day of the ensuing district court, to be then and there tried for the felony with which he stands charged.
At the next district court, Spencer did not appear, whereupon his default was recorded, and a scire facias was awarded against Spencer and the defendant, returnable to the next court. It was not executed, whereupon at the ensuing court another scire facias was awarded, and was executed on the defendant, but not on Spencer, he having absconded. The defendant first pleaded 143. *“no such record,” but afterwards withdrew the plea, and at the district court, held in April, 1803, on the motion of the defendant, it was ordered that the attorney for the commonwealth should shew cause if any he could, why the said scire facias should not be quashed, on the ground that the court had no jurisdiction thereof, the recognizance having been entered into before the court of Louisa county. The question arising upon this rule was then adjourned to the general court.
November 15th, 1803, the general court, consisting of Judges Tyler, Jones and Carrington, decided “that the said district court hath not jurisdiction of the scire facias in the record mentioned, and that the said scire facias, and the proceedings thereon, ought to be quashed.”
Note. By an act passed January 24th, 1804, copies of recognizances of prisoners let to bail, in the county, or corporation courts, are to be transmitted to the district courts, and if the prisoner does not appear, his default is to be recorded, and a scire facias awarded against him, on which the same proceedings are to be had, as if the prisoner had been bailed by the district court. See 2d Rev. Co. p. 37, sect. 2.